# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 1:16-cr-204 |
| v. | ) |
| | ) The Honorable Claude M. Hilton |
| QUINCY AMIN ALGHOJEH, | ) |
| | ) Hearing: March 2, 2018 |
| *Defendant*. | ) |

## POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

Defendant Quincy Ramin Alghojeh pleaded guilty to making a false statement to federal authorities at Washington-Dulles International Airport as he attempted to board a flight to Vienna, Austria, while carrying approximately $112,000 in U.S. currency. Asked whether he was carrying more than $10,000 in U.S. currency and therefore needed to sign a currency declaration form, Defendant falsely stated that he had only $4,000. Defendant pleaded guilty to making a false statement and forfeited approximately three-fourths of the currency he possessed. Defendant is 70 years old and has no prior criminal record. Considering the nature of the offense and Defendant's personal characteristics, the United States respectfully asks the Court to impose a sentence of probation. This sentence is sufficient, but no greater than necessary, to serve the interests enumerated in 18 U.S.C. § 3553.

## BACKGROUND

Defendant is a native of Iran and naturalized citizen of the United States who was travelling to Tehran on June 14, 2016. On that day, Defendant flew from his home in Oklahoma to Washington-Dulles International Airport, where he attempted to board a flight to Vienna, Austria,

with a final destination of Tehran, Iran. *See* Statement of Facts, ECF No. 36 at ¶ 1. On the jetway at Dulles Airport, two Customs and Border Protection ("CBP") agents approached Defendant and advised him that federal law required individuals departing the United States with more than $10,000 in U.S. currency to declare the value of that currency. *Id*. at ¶¶ 2-3. CBP officers presented Defendant with CBP Publication No. 0000-0503, a form explaining the currency-reporting requirement. *Id*. at ¶ 3. Defendant stated that he was carrying only $4,000, wrote that amount on the currency declaration form, and initialed the form. CBP officers again asked Defendant to identify the amount of currency he was transporting, and Defendant again stated that he had $4,000. *Id*. at ¶¶ 4-5. Asked to verify this amount, Defendant produced a folder that CBP determined contained $8,500 in U.S. currency. *Id*. at ¶¶ 7-8. CBP officers then searched Defendant's backpack and discovered $112,729 in U.S. currency that was concealed in five folders, three wallets, and a manila folder. *Id*. at ¶¶ 9-11. After the search, Defendant acknowledged that he was carrying approximately $114,000 in U.S. currency. *Id*. ¶ 12.

On September 8, 2016, a grand jury in the Eastern District of Virginia returned a three-count indictment charging Defendant with: (1) bulk cash smuggling, in violation of 31 U.S.C. § 5332(a) and (b); (2) failing to file a currency report, in violation of 31 U.S.C. §§ 5324(c)(1) & (d) and 5316(a)(1)(A); and (3) making a false statement, in violation of 18 U.S.C. § 1001(a). Defendant pleaded guilty to count 3 – making a false statement – on December 4, 2017, *see* ECF No. 35, and the Court granted the Government's motion to dismiss the remaining charges. ECF No. 38. In exchange for Defendant's guilty plea, the Government agreed to recommend a sentence of probation. *See* ECF No. 35 at 3.

**SENTENCING ANALYSIS**

To determine the appropriate sentence for Defendant's crime, the Court must consult both the U.S. Sentencing Guidelines and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See United States v. Booker*, 543 U.S. 220, 264 (2005) (finding the Sentencing Guidelines advisory and emphasizing that a sentencing court must consider not only the Guidelines, but also the § 3553(a) factors). The Supreme Court reaffirmed this principle in *United States v. Kimbrough*, 552 U.S. 85 (2007), emphasizing that "the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence," *id.* at 90. In *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court affirmed that the sentencing court should calculate the Guidelines range, permit the government and the defendant "an opportunity to argue for whatever sentence they deem appropriate," consider all of the Section 3553(a) factors, and then pronounce a sentence based on the relevant factors. *Id.* at 49-50.

**I.     The Applicable Sentencing Guidelines**

The Government and Defendant have agreed that the following offense-level adjustments apply in this case:

| Guideline | |
|---|---|
| Base offense level (Section 2B1.1 and 2S1.3(a)(2)) | 14 |
| Adjusted offense level, pursuant to the application of Section 2S1.3(b)(3). | 6 |
| Acceptance of responsibility (Section 3E1.1) | -2 |
| **TOTAL OFFENSE LEVEL** | **4** |

*See* Plea Agreement, ECF No. 35, at 3. Under the Sentencing Guidelines, the base offense level for Defendant's violation of 18 U.S.C. § 1001(a) is 14 after applying an 8-point increase for a

monetary loss value exceeding $95,000.  *See* U.S.S.G. § 2B1.1(b)(1)(E).  In the plea agreement, the parties agreed that the offense level is reduced to 6 pursuant to U.S.S.G. § 2S1.3(b)(3) because the offense of conviction did not involve bulk cash smuggling, Defendant did not act with reckless disregard of the source of the funds, the funds were proceeds of lawful activity, and the funds were to be used for a lawful purpose.  Defendant's guilty plea and agreement to the Statement of Facts qualifies him for an additional two-point downward adjustment to his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a).  As reflected in the chart above, the parties agree that Defendant's adjusted offense level is 4.

Defendant is in Criminal History Category I.  *See* Presentence Report ("PSR") ¶ 52; U.S.S.G. §§ 4A1.1 and 4A1.2(e)(3).  A total offense level of 4 and Criminal History Category I yields a recommended Sentencing Guidelines range of 0 to 6 months of imprisonment, with a recommended fine of $500 to $9,500.

The Presentence Report likewise determined Defendant's base offense level to be 14. Contrary to the parties' joint recommendation, however, the PSR applied a 2-level enhancement for bulk cash smuggling pursuant to U.S.S.G. § 2S1.3(b)(1)(B), which would render Defendant ineligible for the adjusted offense level described above.  Accordingly, the PSR calculated Defendant's adjusted offense level as 16 (a base level of 14 plus a 2-level bulk cash smuggling enhancement).  The PSR calculated a total offense level of 13 after applying the acceptance of responsibility reductions in U.S.S.G. § 3E1.1(a) & (b).  *See* PSR, ECF No. 41, at ¶¶ 39-47. With a total offense level of 13 and Criminal History Category of I, the PSR's resulting Guidelines sentencing recommendation is 12-18 months in prison, with a fine of $5,500 - $55,000.

The Government asks the Court to apply the Guidelines interpretation agreed to by the parties. The Court granted the Government's motion to dismiss the bulk cash smuggling charge in exchange for Defendant's guilty plea to making a false statement. Moreover, the Government is not aware of evidence showing that Defendant funds were from an illegal source or that Defendant intended to use the funds for an unlawful purpose. Accordingly, the offense level reduction pursuant to U.S.S.G. § 2S1.3(b)(3) is appropriate, the total offense level is 4, and the Guidelines recommended range is 0-6 months.

## II. The Section 3553 Factors

In determining a defendant's sentence, the Court also must consider the factors set forth in 18 U.S.C. § 3553. These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford specific and general deterrence of such criminal conduct, and provide the defendant with appropriate and effective correctional treatment; pertinent policy statements; the need to provide restitution to victims of the offense; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553.

A sentence of probation appropriately serves these interests. Defendant has acknowledged his false statement and forfeited approximately three-fourths of the currency that he failed to disclose to CBP agents. This felony conviction and loss of funds will adequately deter Defendant from engaging in further misconduct and provide general deterrence to other individuals who are interviewed by federal agents. A period of supervised probation will provide an additional mechanism to protect the public and ensure that Defendant does not

5

recidivate.  Moreover, Defendant's personal characteristics indicate that a period of incarceration is unnecessary.  Defendant is 70 years old and has lived in the United States for the last 45 years without committing any other known criminal acts.

## CONCLUSION

The Government requests, for the reasons stated above, that the Court impose a sentence of supervised probation.  Such a sentence would appropriately account for each of the factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

Tracy Doherty-McCormick
Acting United States Attorney

Dated: February 23, 2018  By:         /s/       
Michael J. Songer
Special Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3700
Fax: (703) 299-3981
Michael.Songer2@usdoj.gov

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of Februray, 2018, I electronically filed the United States' Position on Sentencing with the Clerk of Court using the CM/ECF system, which will provide notice to all registered parties.

                                                  /s/
                                    Michael J. Songer
                                    Special Assistant United States Attorney
                                    Office of the United States Attorney
                                    2100 Jamieson Avenue
                                    Alexandria, Virginia 22314
                                    Tel: (703) 299-3700
                                    Fax: (703) 299-3981
                                    Email: Michael.Songer2@usdoj.gov