IN THE UNITES STATES DISTRICT COURT
FOR THE EASTERN DISRTICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal no. 1:16CR00204-001 |
| V. ) | |
| ) | The Honorable Claude M. Hilton |
| QUINCY RAMIN ALGHOJEH, ) | |
|     Defendant ) | |

POSITION OF THE DEFENDANT
WITH RESPECT TO SENTENCNING FACTORS

COMES NOW the Defendant, QUINCY RAMIN ALGHOJEH, by and through counsel, Denise J. Tassi, and respectfully represents that he and counsel reviewed the Presentence Investigation Report prepared by the United States Probation Office in this matter.

On December 4, 2017, the defendant entered a plea of guilty to Count Three of the Indictment charging him with Making a False Statement, in violation of Title 18, United States Code, Section 1001 (a)(2). This offense carries a maximum sentence of five years imprisonment and a fine of $250,000.00.

According to the Presentence Investigation Report, the Offense Level Total is 13 and the Criminal History Category is I. The guideline range at this level is 12 to 18 months in prison. The defendant disagrees with the guideline calculation and contends that the proper Offense Level Total should be 4 as the parties agreed to pursuant to the plea agreement.

If the Court disagrees with the terms of the plea agreement and finds that the appropriate Offense Level Total is 13, then the defendant contends that the Court should depart from the guidelines pursuant to Section 5H1.1 due to the defendant's age. Additionally, the Court should apply a variance.

1

## CASE LAW AND FEDERAL SENTENCING GUIDELINE CONSIDERATIONS

Since United States v. Booker, 543 U.S. 200 (2005), the Sentencing Guidelines are advisory only and the sentencing court must now take into account the Guidelines along with the factors set forth in Title 18, United States Code, Section 3553(a). Gall v. United States, 128 S.Ct. 586 (2007). Section 3553(a) directs the Court to impose a sentence that reflects the seriousness of the offense, affords adequate respect for the law, provides just punishment, affords adequate deterrence, protects the public and effectively provides the defendant with needed educational or vocational training and medical care. Section 3553(a) also directs the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant and to impose a sentence that is sufficient but not greater than necessary to accomplish these goals.

Pursuant to Gall, the Court must make appropriate findings of fact and then determine the guideline range. If a sentence within that range does not serve the Section 3553(a) factors, the sentencing Court should first decide whether a departure is appropriate under the Sentencing Guidelines. If so, the Court may depart. If the guideline range does not serve the factors set forth in Section 3553(a), the Court may then impose a non-guideline sentence, or a variance sentence. In this case, both are appropriate.

## THE NATURE AND CIRCUMSTANCES OF THE OFFENSE

On June 14, 2016, Mr. Alghojeh prepared to fly out of Dulles International Airport to Tehran, Iran to visit his family. Before he boarded the plane, two Customs and Border Protection Officers questioned him regarding the amount of cash he carried. Mr. Alghojeh failed to disclose the true amount that he had on his person which was approximately $112,729.00.

## HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Mr. Alghojeh was born on June 9, 1947 in Abadan, Iran. He was raised by his "parents" and he had a happy and safe childhood. At age eighteen, he learned that his "parents" were actually his aunt and uncle. He does not know why his parents did not raise him. He has four biological siblings, all of whom live in Iran.

In December, 1972, he immigrated to the United States and eventually became an American citizen. He obtained a Bachelor of Engineering Degree and Master of Science in Engineering Degree from Oklahoma University in 1976 and 1985, respectively.

He has one child from his first marriage. In 1986, he remarried and he and his wife own and have operated Golden Eagle Transit, Inc. since 1988 in Oklahoma City, Oklahoma. This is a trucking company that has a dozen employees.

Since 1991, Mr. Alghojeh made regular visits to his family members in Iran. Since they are Christians, they are treated poorly in Iran. For this reason, he helped them financially and he purchased property in Iran with the intent of building a home for them. The money that he had with him when arrested was for his family's support.

## ARGUMENT

According to the Presentence Investigation Report, the Offense Level Total is 13. The government and the defendant agreed in the written plea agreement that Section 2S1.3 of the Sentencing Guidelines should apply and therefore the Offense Level Total should be 4.

At the time of the offense, Mr. Alghojeh was sixty-nine years old and he had operated his own legitimate trucking business for years. He saved up his money so he could help his family escape some of the poverty and oppression they experience as Christians in Iran.

He came to the United States on a student visa in 1972 and eventually became a citizen. He has been a law-abiding and productive member of our society the entire time. There is no evidence whatsoever that the money he had with him was for any unlawful purpose.

For these reasons, Mr. Alghojeh respectfully requests this Honorable Court to honor the recommendations in the written plea agreement and assess the Offense Level Total at 4.

In the event the Court agrees with the probation officer's guideline calculation, Mr. Alghojeh respectfully requests the Court to apply a departure from the guidelines pursuant to Section 5H1.1 given his age as well as a variance.

As previously stated, Mr. Alghojeh was sixty-nine years old at the time of the offense. In June of this year, he will be seventy-one. He has no criminal history and operates a successful trucking business with employees who depend on him for their livelihood. Any prison time would serve no useful purpose, especially in light of the fact that Mr. Alghojeh has to forfeit over $80,000.00 of the confiscated money to the government.

For these reasons and those that may be argued, Mr. Alghojeh respectfully requests this Honorable Court to honor the agreement between the government and the defendant as set forth in the written plea agreement. If the Court does not, then Mr. Alghojeh respectfully request the Court to grant a departure and a variance and sentence him to a period of probation. Mr. Alghojeh fully accepts responsibility for his actions and blames no one for the position he is in today. He pled guilty and spared the government the time and expense of a jury trial.

A period of probation reasonably and appropriately accounts for the factors set forth in 18 U.S.C., Section 3553(a), reflects the seriousness of the offense, promotes respect for the law, provides just punishment for this offense and affords an adequate deterrence to criminal conduct.

Mr. Alghojeh respectfully requests that a fine not be assessed since according to the terms of the plea agreement, he must forfeit in excess of $80,000.00 to the government.

Respectfully submitted,

QUINCY RAMIN ALGHOJEH
By Counsel


_____/S/_____
Denise Jakabcin Tassi
Virginia State Bar No. 23040
Counsel for the Defendant
Law Office of Denise J. Tassi
2331 Mill Road   Suite 100
Alexandria, Virginia  22314
Tel: 703-836-9080
Fax: 703-690-5789
Email: DJTassi@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of February, 2018, a true copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF which will then send a notification of such filing to:

Michael Songer, AUSA.

                                                 /S/
Denise Jakabcin Tassi
Virginia State Bar No. 23040
Counsel for the Defendant
Law Office of Denise J. Tassi
2331 Mill Road   Suite 100
Alexandria, Virginia  22314
Tel: 703-836-9080
Fax: 703-690-5789
Email: DJTassi@verizon.net